No. 80-191

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

NORMAN B. DUNCAN,

Dèfendant and Appellant.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin.
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Larry W. Moran, Bozeman, Montana
Marchiondo & Berry, Albuquerque, New Mexico
Charles Berry argued, Albuquerque, New Mexico

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mark Murphy argued, Assistant Attorney General,
 Helena, Montana
Donald White, County Attorney, argued, Bozeman, Montana

Submitted: January 16, 1981

Decided: FEB 11 1981

Filed: FEB 11 1981

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant Norman Duncan appeals a denial of post-conviction relief by a Gallatin County District Court.

Norman Duncan was convicted of deceptive practices and the sale of unregistered securities in Gallatin County District Court, for which he received sentences of five years and three years respectively. His conviction was affirmed by this Court on April 19, 1979, in State v. Duncan (1979), ____ Mont. ____, 593 P.2d 1026, 36 St.Rep. 748. On May 23, 1979, Duncan moved for continuance of bail and the matter was set for hearing on May 29, 1979, before the Honorable Jack D. Shanstrom. At that hearing, defendant submitted his written petition for post-conviction relief pursuant to section 46-21-101, MCA.

On June 18, 1979, Duncan petitioned for a new judge on the stated ground that the "interest of justice with respect to post-conviction matters, and procedural due process would indicate appointment of a judge to hear such matters other than the trial judge whose decision is involved." No affidavit was offered by defendant representing that Judge Shanstrom, or the Honorable W. W. Lessley, also challenged, had any personal bias or prejudice against defendant. In August, the Honorable Nat Allen assumed jurisdiction of the case but withdrew his acceptance one week later on the ground that the "cause was filed in 1976 and that Section 6 of the new Disqualification Rules does not apply in causes filed prior to March 1, 1977." Judge Shanstrom reassumed jurisdiction.

On August 31, 1979, defendant filed an affidavit concluding that he did not feel he could receive a fair

hearing on his post-conviction relief petition from Judge Shanstrom. On September 28, 1979, Judge Lessley requested that the Honorable Gordon Bennett assume limited jurisdiction to hear the disqualification issue. Judge Bennett held a hearing on the question and determined that there existed no actual prejudice on the part of Judge Shanstrom. In his memorandum, Judge Bennett determined that, contrary to Judge Allen's position, a petition for post-conviction relief was a new civil action, independent of the original criminal cause.

On February 13, 1980, Judge Shanstrom, who had reasserted jurisdiction, ordered that defendant's petition be set for hearing in his court. On February 26, Duncan filed a motion to set aside Judge Shanstrom's order and submitted a motion for substitution of a new judge pursuant to this Court's newly adopted rule on disqualification of judges. 34 St.Rep. 26. Judge Shanstrom ruled against the defendant on both motions and heard the petition. After hearing, Judge Shanstrom denied Duncan's petition for post-conviction relief, and this appeal followed.

Duncan raises nine issues for our review, only one of which will be discussed in this opinion. Defendant argues that it was error for Judge Shanstrom to hear his post-conviction relief petition under our rules of disqualification and substitution of judges. We agree.

Section 3-1-801, MCA, adopted by this Court under our rule-making authority, recites in applicable part:

"Any judge, or justice of the peace must not sit or act in any action or proceeding:

". . .

"6. When he has been disqualified for cause as

hereinafter described:

"Whenever a party to any proceeding in any court makes and files a timely and sufficient affidavit that a judge or justice of the peace, before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge or justice of the peace shall proceed no further therein, but another judge or justice of the peace shall be assigned to hear such disqualification proceeding by the chief justice of the Supreme Court, or by a district judge, if the affidavit is against a justice of the peace, police or municipal court judge. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than 20 days before the original date of trial, or good cause shall be shown for failure to file it within such time. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

We strictly interpret this rule and find its provisions to be plain and unambiguous. Judge Lessley was completely without authority to place this cause under Judge Bennett's jurisdiction. The power to assign a district judge to hear a motion for disqualification is one solely granted to the Chief Justice of this Court. It is our opinion that no judge involved in this case had proper jurisdiction to proceed in this action once the affidavit alleging actual prejudice on the part of Judge Shanstrom was filed. At that point, the case came under the singular authority and jurisdiction of this Court.

We remand to the District Court for proceedings consistent with this opinion.

John Conway Harrison
Justice

-4-

We concur:

_Frank J. Haswell_
Chief Justice

_Gene B Daly_

_Daniel J Shea_

_John C Sheehy_
Justices