NO.   93-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FRANK R. SHULTZ, JR.,

    Plaintiff and Respondent,

-v-

PATRICK F. HOOKS,

    Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John J. Cavan, Cavan, Smith & Cavan, Billings,
Montana

    For Respondent:

        James C. Bartlett, Hash, O'Brien & Bartlett,
Kalispell, Montana

**FILED**

Filed:   FE5 01 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  November 5, 1993

Decided:  February 1, 1994

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Eleventh Judicial District, Flathead County, which granted a default judgment to plaintiff, awarded compensatory damages in the amount of $36,857.81, awarded punitive damages in the amount of $50,001.00 and also awarded costs to plaintiff. We reverse and remand.

The sole issue for this Court's review is whether Ted O. Lympus, the district judge in this case, should have disqualified himself from presiding over the case.

This is an attorney malpractice action brought by plaintiff Frank R. Shultz, Jr. (Shultz) against defendant Patrick Hooks (Hooks) based on Hooks' representation of Shultz. Shultz retained Hooks to represent him in an action against his father, Frank R. Shultz, Sr., concerning his guardianship and management of monies received on behalf of Shultz as a result of a personal injury settlement when Shultz was a minor.

Shultz filed this malpractice action against Hooks on August 7, 1992. Hooks was personally served with the summons and complaint on September 27, 1992. The Flathead County Clerk of Court entered Hooks' default on October 22, 1992, for failure to plead or otherwise defend within the time allowed by the Montana Rules of Civil Procedure.

On December 30, 1992, a statement of damages was mailed to Hooks. On January 12, 1993, the District Court held a hearing on the matter and granted Shultz' motion for default judgment. The

2

court awarded compensatory damages to plaintiff in the amount of $36,857.81 and punitive damages in the amount of $50,001.00, based on Shultz' motion for default judgment which was supported by his affidavit, testimony and the complaint. The District Court also awarded costs in the amount of $160.00 to Shultz. Hooks did not appear.

On March 8, 1993, after three writs of execution were executed against him, Hooks filed a Motion for Relief from Judgment under Rule 60(b), M.R.Civ.P., supported by an affidavit signed by his counsel. Hooks based his motion for relief from the judgment in part on the court's power to grant such relief for "excusable neglect" under Rule 60(b)(1), M.R.Civ.P., and in part on his contention under Rule 60(b)(6), M.R.Civ.P., that Judge Lympus should have recused himself from this case. The District Court allowed the 45 days permitted for a ruling on a Rule 60(b), M.R.Civ.P., motion to expire and the motion was therefore deemed denied under Rule 60(c), M.R.Civ.P.

In Maulding v. Hardman (1993), 257 Mont. 18, 25, 847 P.2d 292, 297, we stated:

> A party is precluded from relief under subsection (6) when the facts or circumstances would bring the case under one of the first five subsections. In that instance, the party is not entitled to relief under subsection (6) based on the same facts or circumstances. Here, however, the fact that Hardman requested relief under subsections (1) and (3) and also under subsection (6) is not fatal. Our recent opinion in Koch v. Billings School Dist. No. 2 (1992), 253 Mont. 261, 833 P.2d 181, . . . where we said that the plaintiff should have chosen between subsection (5) and (6) because they are mutually exclusive, illustrates this. The plaintiff's failure to make this choice did not prevent the District Court or this Court from determining which subsection was proper.

We conclude that in this case Hardman's motion should have been based on subsection (6), and we will analyze it under that subsection alone.

Here, too, we decline to address the appeal in relation to the court's ruling on "excusable neglect" and base our decision to reverse the District Court on Rule 60(b)(6), M.R.Civ.P, which provides in pertinent part:

> Rule 60(b). **Mistakes -- inadvertence -- excusable neglect -- newly discovered evidence -- fraud, etc.** On motion and upon such terms as are just, the court **may** relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: **(1)** mistake, inadvertence, surprise, or excusable neglect: . . . or **(6)** <u>any other reason justifying relief from the operation of the judgment</u>. (Emphasis supplied.)

In the affidavit in support of Hooks' motion for relief from judgment, Hooks' counsel presented the argument that Judge Lympus could not preside over this malpractice action against Hooks because Judge Lympus had himself represented Shultz concerning the same matter on which the malpractice action was founded.

Judge Lympus represented Shultz as an attorney beginning in July of 1976, throughout part of 1977 and ended this representation sometime prior to December of 1979, when Shultz retained Hooks. During the time Judge Lympus represented Shultz, he attempted to locate information concerning Frank R. Shultz, Sr.'s guardianship of plaintiff and information on an accounting relating to that guardianship. Hooks subsequently represented Shultz in that same matter and that is the substance of the malpractice charges against Hooks.

We conclude that Judge Lympus was required to disqualify

4

himself from presiding over this malpractice action, according to § 3-1-803, MCA, which provides in pertinent part:

**3-1-803. Disqualification of judges -- all courts.**

DISQUALIFICATION OF JUDGES

This section shall, in its application, apply to all courts listed in section 3-1-101 except a court of impeachment in the state senate.
Any justice, judge, justice of the peace, municipal court judge or city court judge must not sit or act in any action or proceeding:

' ' '

3. When he has been attorney or counsel in the action or proceeding for any party . . . .

The malpractice action here is a direct result of Hooks' representation of Shultz in the action for a guardianship accounting--an action in which Judge Lympus also represented Shultz. Although we conclude that Judge Lympus was required by § 3-1-803, MCA, to disqualify himself from presiding over the subsequent malpractice action against Hooks, we emphasize that there is absolutely nothing in the record to indicate **any** wrongdoing or unethical conduct on the part of Judge Lympus. Judge Lympus represented Shultz for a short period of time beginning nearly eighteen years ago and his representation did not progress to the point of filing an action against Shultz' guardian, but rather, merely involved preliminary investigation.

A judge is not prevented from presiding over matters which involve his or her prior clients if the action involves another matter. Although this malpractice action is technically a separate action from the underlying suit against Shultz' father relating to

the guardianship, it arises from the legal representation in that lawsuit, albeit the representation by Hooks and not that of Judge **Lympus**.

We hold the District Court erred in not disqualifying himself in this case.

Reversed and remanded for substitution of another judge to rule on the merits of Hooks' Motion for Relief from Judgment and redetermine damages if that motion is again denied.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6