JUSTICE WARNER
dissents.
¶44 I would reverse the denial of Jane’s Rule 60(b)(6) motion for relief from the judgment, vacate the judgment and remand this matter for *200 a new trial before a different judge. I would also order her to pay the costs of this action to date.
¶45 Approximately one month before this divorce action commenced, Judge Gustafson met with Jane. At the time, Judge Gustafson was a practicing attorney. She consulted with Jane regarding her inevitable divorce proceedings. Jane confided in Gustafson confidential facts, pertinent to these divorce proceedings, which undoubtedly fall under the protection of the attorney-client privilege. Further, Judge Gustafson provided Jane with her legal opinion and charged her a fee. Consequently, the Court’s determination that Judge Gustafson never acted as an attorney or counsel in this proceeding is nothing short of astounding. Indeed, the Court must go as far as overruling the longstanding precedent of Shultz v. Hooks (1994), 263 Mont. 234, 867 P.2d 1110, to arrive at its erroneous conclusion.
¶46 In Shultz, this Court clearly held that § 3-1-803(3), MCA, disqualifies a judge from presiding over a matter in which she represented one of the litigants at some time in that matter. Shultz, 263 Mont. at 237, 867 P.2d at 1112. Under Shultz, the prior representation need “not progress to the point of filing an action[.]” Shultz, 263 Mont. at 237, 867 P.2d at 1112. In my view there is no justification for ruling to the contrary on this day. The Court claims that Shultz could be distinguished because there was prior representation of an opposing party in that case. However, § 3-1-803(3), MCA, disqualifies the judge when she “has been attorney or counsel... for any party.” (emphasis added).
¶47 Judge Gustafson acted as Jane’s attorney and was thus disqualified from taking any action in this case under the plain language of § 3-1-803(3), MCA. She therefore had no discretion to abuse. The Court’s application of the abuse of discretion standard is thus irrelevant, as well as its discussion of a “fairness and equity” requirement under Rule 60(b)(6), M.R.Civ.P. The standard provided by § 3-1-803(3), MCA, is an objective one and Rule 60(b)(6), M.R.Civ.P., is the procedural mechanism for relief from the operation of the judgment.
¶48 In addition to misconstruing the plain language of § 3-1-803(3), MCA, and overruling longstanding Montana precedent correctly interpreting such, the Court disregards the precedent of sister states that have correctly applied similar provisions. See e.g., Estate of Risovi (1988), 429 N.W.2d 404; Slaven v. Wheeler (Tex. 1882), 58 Tex. 23, *3 (the prior relationship required to disqualify the judge “may exist with respect to a matter not in suit, and even though no fee was paid or charged for the advice.”), followed by Williams v. Kirven (Tex. Ct. App. *201 1976), 532 S.W.2d 159.[1] In Risovi, the Supreme Court of North Dakota considered the effect of a judge’s involvement in an action where he had given advice about that case to one of the parties, before becoming a judge. Risovi, 429 N.W.2d at 405-406. The Court reversed and remanded for new proceedings as it concluded the judge was disqualified for prior representation of a litigant. Risovi, 429 N.W.2d at 408. Like the case at hand, the judge in Risovi had consulted with one of the parties, prior to becoming a judge, advised the party as to matters relevant to the case, and billed him for his services. Risovi, 429 N.W.2d at 405. The judge’s representation went no further, and the party was represented by different counsel when the action was filed. Risovi, 429 N.W.2d at 405. The Risovi Court stated:
Generally, prior legal advice to a party disqualifies a judge from acting in the same controversy. “It is sufficient to disqualify a judge that he had given legal advice to a party in connection with the subject matter before litigation began; it is not necessary that he was connected with the particular matter as a pending suit.”
Risovi, 429 N.W.2d at 406 (quoting 46 Am.Jur.2d Judges § 185).
¶49 As this Court notes in its Opinion, a judge is disqualified from sitting or acting if “he has been attorney or counsel in the action or proceeding for any party.” Section 3-1-803(3), MCA. To distinguish § 3-1-803(3), MCA, as the Court impliedly has, from the analogous rales of other jurisdictions, simply because § 3-1-803(3), MCA, uses the terms “action or proceeding” as opposed to “matter” is illogical. In doing so, the Court, perhaps unintentionally, sets a precedent that an attorney may represent someone, yet will not later be disqualified as a judge in that matter, as long as she was not counsel of record when the “action” was brought. This is imprudent.
¶50 Further, the language of the statute does not change the policy behind it. The rationale for the disqualification of a judge under these circumstances lies in the consequence of any former attorney-client relationship: that the former attorney-turned-judge was in a position to obtain prior knowledge of disputed evidentiary facts. Richard E. Flamm, Judicial Disqualification, § 11.2.2 (1996).
In such a situation there is a danger that a judge, in passing judgment, will not rely solely on the facts that have been properly presented by the parties during the course of the action but also *202 on his own recollection of the facts.... Indeed, when a judge possesses personal knowledge of evidentiary facts, his own recollection is likely to weigh far more heavily than any testimony that may be given in open hearings. As a consequence of his personal knowledge, moreover, the judge even may have expressed an opinion on the very matter in controversy.
Flamm, § 11.2.2; see also John Leubsdorf, Theories of Judging and Judge Disqualification, 62 N.Y.U.L.Rev. 237, 282 n.225 (1987) (sufficient grounds for disqualification may exist because the “representation gives the judge an interest in vindicating the positions she formerly advocated [or] an emotional commitment [is] likely to lead her to slant her behavior as a judge.”).
¶51 This rationale clearly applies to the facts of this case. Judge Gustafson claims that, at the time of the proceedings, she did not remember having counseled Jane on a prior occasion. However, the subjective awareness of the judge is irrelevant in this analysis. The underlying consideration in any case is the appearance of impartiality. See Leslie W. Abramson, Judicial Disqualification under Cannon 3 of the Code of Judicial Conduct, 55 (2d ed. 1992); see also Liljeberg v. Health Services Acquisition Corp. (1988), 486 U.S. 847, 864, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855, 875 (“We must continuously bear in mind that to perform its high function in the best way justice must satisfy the appearance of justice.”) (internal quotation omitted). Thus, regardless of the extent of the judge’s recollection of the prior representation, the fact that the representation took place, and that fact alone, satisfies the requirement for disqualification.
¶52 The Court attempts to justify its decision with the specific facts and “equities” of this case, contending that by granting Jane’s motion for a new trial, she would be permitted to abuse the system or improperly have “another bite at the apple.” As previously stated, such considerations are plainly irrelevant. Section 3-1-803, MCA, is to be strictly construed. See State v. Duncan (1981), 191 Mont. 253, 255, 623 P.2d 953, 954. Therefore, this is not a question of “who knew what” or “who remembered who.” As a result of her prior representation, Judge Gustafson was prohibited from sitting or acting in this case. She never had the authority to preside over this matter.
¶53 Of course Jane is not blameless here. She did remember that she had previously counseled with Judge Gustafson, and yet she said nothing. She waited until the entire district court process had been completed, and only after a decision was made did she complain. I would conclude that such conduct was unreasonable and vexatious.
*203 ¶54 Jane is thus in direct violation of § 37-61-421, MCA, which provides:
An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.
¶55 In my view, the law is clear. This Court has no choice but to reverse the order of the District Court denying relief from judgment under Rule 60(b)(6), M.R.Civ.P., vacate the judgment, and order that a different judge be assigned the case for further proceedings. Such further proceedings would first include a hearing to set the amount Jane is required to pay for costs, expenses, and attorney fees incurred by Rod, in both the District Court and this Court, up to and including the disposition of this appeal.
¶56 I dissent.
JUSTICES COTTER and NELSON join in the foregoing dissent.

 See also William W. Kilgarlin and Jennifer Bruch, Disqualification and Recusal of Judges, 17 St. Mary’s L.J. 599, 611-612 (1986) (“If a judge has at anytime been consulted by an given advice to one of the litigants in a particular case as to the matters in the dispute... he is disqualified.”).