No. 95-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

LOUIS WILLIAM KARLEN and
BETTY J. KARLEN,

    Plaintiffs/Respondents,

v.

BRUCE ALLEN EVANS,

    Defendant/Appellant.



FILED

APR 1 6 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Neil E. Ugrin & Roger T. Witt, Ugrin, Alexander,
Zadick & Higgins, Great Falls, Montana

    For Respondent:

        Jason G. Dykstra & David A. Hopkins, Marra, Wenz,
Johnson & Hopkins, Great Falls, Montana

Submitted on Briefs:  November 30, 1995

Decided:  April 16, 1996

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Bruce Allen Evans (Evans) filed a Motion to Dismiss for failure to prosecute the complaint filed against him by Louis and Betty Karlen (the Karlens) in the Eighth Judicial District Court, Cascade County. The District Court granted Evans' motion and dismissed the complaint with prejudice. Several months later, upon motion by the Karlens, the District Court ordered the dismissal set aside pursuant to Rule 60(b)(6), M.R.Civ.P. Evans appeals. We affirm.

The issues presented for review are:

1. Did the District Court err in setting aside the prior dismissal of the Karlens' complaint under Rule 60(b)(6), M.R.Civ.P.?

2. Did the District Court err in finding that the Karlens brought their motion for relief within a reasonable time?

Background Facts

On August 13, 1987, Evans' vehicle rear ended the Karlens' vehicle in Cascade County. The Karlens, residents of South Dakota, retained Paul Dold, a South Dakota attorney, to represent them in pursuing a negligence action against Evans. After an unsuccessful attempt to file their claim in federal district court in South Dakota, and with only a few days remaining before the statute of limitations expired, Dold contacted Joe Marra, a Montana attorney, to assist in filing the complaint in Montana. At Dold's request, Marra filed a complaint in the Eight Judicial District Court, Cascade County, on August 10, 1990.

2

After the complaint was filed, Evans retained Neil Ugrin to represent him in this action. Attorneys Ugrin and Marra discussed the case and Ugrin requested that Marra produce certain documents so that Ugrin could assess the Karlens' claims of liability and damages. Pursuant to this request, Marra sent numerous letters to Dold requesting information. Marra also attempted to contact Dold by phone, but his attempts were unsuccessful.

On November 2, 1993, Evans filed a motion to dismiss the case for failure to prosecute pursuant to Rule 41(b), M.R.Civ.P. The District Court granted the motion on December 23, 1993, and ordered the case dismissed with prejudice.

On January 13, 1995, the Karlens filed a motion to set aside the Order of Dismissal pursuant to Rule 60(b)(6), M.R.Civ.P. The Karlens alleged that they were completely unaware that their case had been dismissed. It was only after they attempted to contact Dold to do some additional work for them that they discovered Dold was incarcerated in the South Dakota State Penitentiary for embezzling from his clients' trust accounts and that he had been disbarred. Due to Dold's incarceration, the Karlens were unable to obtain a copy of their file until the latter part of 1994. After reviewing the file, they learned that Dold had misled them into believing that their case was progressing on schedule when, in actuality, it had been dismissed.

A hearing on the Karlens' motion was held on February 16, 1995. On February 23, 1995, the District Court issued an Order setting aside the earlier Order of Dismissal and allowing the case

3

to proceed to trial on its merits. Evans appeals the District Court's Order.

## Issue 1

Did the District Court err in setting aside the prior dismissal of the Karlens' complaint under Rule 60(b)(6), M.R.Civ.P.?

There must be some point at which litigation ends and the respective rights between the parties are forever established. Under ordinary circumstances, once this point is reached a party will not be allowed to disturb a judgment. However, Rule 60(b), M.R.Civ.P., is an exception to the doctrine of finality of judgments. In re Marriage of Waters (1986), 223 Mont. 183, 186, 724 P.2d 726, 729.

Rule 60(b), M.R.Civ.P., provides, in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) also proscribes limits on the time within which a motion may be made:

> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken, or, in a case where notice of entry of judgment is required by Rule 77(d), not more than 60 days after service of notice of entry of judgment.

Rule 60(b), M.R.Civ.P.

The Karlens brought their motion for relief from the judgment

4

under Rule 60(b)(6), M.R.Civ.P. Evans argued before the District Court and now on appeal that the misconduct of the Karlens' attorney is not an appropriate basis for relief under subsection (6) of Rule 60(b). Evans contends that, based on prior Montana case law, attorney misconduct is more appropriately addressed under subsection (1) of that rule. Furthermore, Evans argues that since relief under subsection (1) must be sought within 60 days of a judgment, and the Karlens' motion was not filed until nearly 13 months after the motion to dismiss was granted, their Rule 60(b) motion is untimely.

The District Court disagreed with Evans and determined that Dold's conduct toward the Karlens' was much more than the "mistake, inadvertence, surprise, or excusable neglect" set forth in subsection (1) of Rule 60(b). The court found that Dold's conduct more properly falls under the "any other reason" clause of subsection (6) as it constitutes "gross neglect and is inexcusable." Thus the court determined that the motion was not time barred because motions made pursuant to subsection (6) may be made "within a reasonable time."

The degree of appellate scrutiny of a trial court's ruling on a Rule 60(b) motion depends on whether or not the trial court set aside the judgment. As a general rule, cases are to be tried on their merits and judgments by default are not favored. Maulding v. Hardman (1993), 257 Mont. 18, 23, 847 P.2d 292, 296 (citing Lords v. Newman (1984), 212 Mont. 359, 363, 688 P.2d 290, 293). If the trial court refused to set aside the judgment, then only a slight

5

abuse of discretion need be shown to warrant reversal. Lords, 688 P.2d at 293. If the trial court has set aside the judgment and the appellant requests that the judgment be reinstated, then a manifest abuse of discretion must be shown to warrant reversal. Lords, 688 P.2d at 293.

Since Evans contends that attorney misconduct falls under subsection (1) of Rule 60(b) and since a party is precluded from relief under subsection (6) when the facts or circumstances would bring the case under one of the first five subsections of Rule 60(b), Maulding, 847 P.2d at 297, we must examine our prior case law to determine which clause of Rule 60(b) properly addresses the factual circumstances of the case before us.

Montana's Rule 60(b) is patterned after Rule 60(b) of the Federal Rules of Civil Procedure. Montana's Rule, however, provides for a 60-day limit on motions made under subsections (1), (2) and (3), while the Federal Rule allows for a 1-year limit.

In 1982, this Court denied an appellant's motion to set aside a default judgment under subsections (1) and (6) of Rule 60(b). Schmidt v. Jomac Inc., (1982), 196 Mont. 323, 639 P.2d 517. In Schmidt, we held that failing to file an answer because counsel mistakenly relied on the automatic stay provision of the Bankruptcy Code was not a reason sufficient to justify relief from the operation of the judgment under either section of Rule 60(b). A mistake of law is not such a mistake as will support vacating a default judgment. Schmidt, 639 P.2d at 519. Moreover, appellants were precluded from using subsection (1) to set aside the judgment

6

because they did not file their motion until 231 days after entry of the judgment.

A few months after the decision in Schmidt, this Court was again confronted with a case involving attorney neglect or misconduct as the basis for a Rule 60(b) motion. In Ring v. Hoselton (1982), 197 Mont. 414, 643 P.2d 1165, counsel was unable to adequately defend the rights of his clients before and during trial because of emotional problems. Affidavits presented to the trial court indicated counsel's failure to introduce factual evidence, to prepare and submit findings and conclusions, and to keep the client apprised of the status of the case. In Ring, we said that

> in cases in which a plenary trial was held, but through extraordinary circumstances the movant's claim or defense was not presented, or was presented in such a manner that the judgment entered against him was akin to a default judgment, relief has been granted on motion under Rule 60(b)(6).

Ring, 643 P.2d at 1172 (citing 7 Moore's Federal Practice ¶ 60.27[2], at 357 (2d ed. 1979)).

In deciding Ring, we relied on opinions from several other jurisdictions, including a case factually similar to the case before us on appeal; L.P. Steuart, Inc. v. Matthews (C.A.D.C. 1964), 329 F.2d 234. In Steuart, the court dismissed plaintiff's case for failure to prosecute due to the neglect of counsel. Two years later, plaintiff filed a motion to vacate the judgment. In support of the motion, plaintiff filed an affidavit stating that he had made numerous inquiries of counsel, but that counsel refused to answer these inquiries and continually assured plaintiff that the

7

case was proceeding. The court of appeals held that under the circumstances, the district court had not abused its discretion in granting relief under subsection (6) and that

> [c]lause (1) of Rule 60(b) is not and clause (6) is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client.

Steuart, 329 F.2d at 235.

Two years later, in Lords v. Newman (1984), 212 Mont. 359, 688 P.2d 290, this Court held that where an attorney's failure to represent a client constitutes actual misconduct, the client should be granted relief from the default. Counsel in that case made a general appearance on behalf of his clients who had neither been served with process nor authorized counsel to so act. Counsel then abandoned his clients and disappeared.

In Lords, we relied on the "excusable neglect" provision of subsection (1) to set aside a default judgment. Quoting an earlier Montana case, we stated that

> [t]his court has been hesitant to impute the neglect of an attorney to his client; and has been loathe to permit this neglect to bar a hearing on the merits. Whether or not the varying shades of excusable neglect previously remarked on can be distinguished, we choose to think that where reasonable minds might differ in their conclusions of excusable neglect, the doubt should be resolved in favor of a trial on the merits.

Lords, 688 P.2d at 295 (quoting Worstell v. Devine (1959), 135 Mont. 1, 6, 335 P.2d 305, 307).

The following year, in Griffin v. Scott (1985), 218 Mont. 410, 710 P.2d 1337, we refused to set aside a default judgment under subsection (1) when counsel failed to respond to a complaint and

8

summons forwarded to him by his clients. Counsel cited the accumulation of mail and work in his office and his absence over the Christmas holiday as the reason for failing to read his clients' letter for several weeks. Relying on our decision in Lords, we stated that the neglect of an attorney generally may be attributed to the client except where the attorney's action constitutes actual misconduct and the clients are blameless. Griffin, 710 P.2d at 1338-39. In Griffin we determined that the attorney's inaction did not approach the misconduct of the attorney in Lords. Furthermore, the clients in Griffin were not blameless as they did not mail the complaint and summons to the attorney promptly after receiving them, they did nothing to check on the progress of the suit, and they did not inform their attorney that the matter would require prompt attention.

Conversely, the next year we reversed the denial of a motion to set aside a default judgment under subsection (1) when we determined that counsel was negligent in not properly withdrawing and not notifying his former clients of the pending motion for judgment of default. Twenty-Seventh Street, Inc. v. Johnson (1986), 220 Mont. 469, 716 P.2d 210.

In 1991 we again examined subsections (1) and (6) of Rule 60(b) in a case in which counsel's mistake in failing to notice the rescheduled date of a hearing caused a default judgment to be entered against his client. In re Marriage of Castor (1991), 249 Mont. 495, 817 P.2d 665. In Castor, we affirmed the district court's refusal to set aside the judgment and we said

9

> "mistake," "inadvertence," and "excusable neglect"
> require some justification for an error beyond mere
> carelessness or ignorance of the law on the part of the
> litigant or his attorney. Lomas and Nettleton Co. v.
> Wiseley (7th Cir. 1989), 884 F.2d 965, 967.
> . . .
> [Moreover], relief is afforded under subsection (6) of
> Rule 60(b) in extraordinary situations when circumstances
> go beyond those covered by the first five subsections or
> when a party in whose favor judgment was entered has
> acted improperly. Fuller v. Quire (6th Cir. 1990), 916
> F.2d 358, 360; In re Marriage of Tesch (1982), 199 Mont.
> 240, 245, 648 P.2d 293, 296.

Castor, 817 P.2d at 667-68. By considering both subsections of Rule 60(b), we reopened the door for consideration of attorney misconduct under subsection (6) of the Rule.

Two years later, we examined a case wherein appellant sought relief under subsections (1), (3) and (6) of Rule 60(b). However, we determined that the motion should have been based on subsection (6) and we analyzed it under that subsection alone. Maulding v. Hardman (1993), 257 Mont. 18, 847 P.2d 292.

In Maulding, appellant received a letter from opposing counsel 60 days after entry of judgment informing him of the judgment, requesting payment, and offering to settle the case for an amount less than the judgment. In our opinion, we noted that the timing of this letter prevented appellant from claiming relief under the first three subsections of Rule 60(b) due to the 60-day limit and we concluded that appellant was entitled to relief under subsection (6) because of the manner in which opposing counsel handled the case and the manner in which damages were established and awarded. We reiterated in Maulding, that relief may be afforded under subsection (6) in extraordinary situations when circumstances go

10

beyond those covered by the first five subsections of Rule 60(b). Maulding, 847 P.2d at 297 (quoting Castor, 817 P.2d at 668).

In 1994, we examined two cases involving attorney neglect or misconduct and Rule 60(b). In the first, In re Marriage of Broere (1994), 263 Mont. 207, 867 P.2d 1092, respondent, acting pro se, failed to file his response to the petition for dissolution with the district court. Based on information in the summons, respondent mistakenly believed that filing his response with opposing counsel would suffice. Upon learning of the error, opposing counsel filed a praecipe for default and the district court subsequently entered a decree of dissolution by default. On appeal, we reversed the district court's refusal to set aside the default judgment basing our decision on subsection (1) of Rule 60(b). In our opinion, we defined "mistake" as "some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." Broere, 867 P.2d at 1094 (quoting Black's Law Dictionary 1152 (4th ed. rev. 1975)).

A few weeks later, in Shultz v. Hooks (1994), 263 Mont. 234, 867 P.2d 1110, we declined to address an appeal in relation to the district court's ruling on "excusable neglect" under subsection (1) of Rule 60(b). Instead, we based our decision to reverse the district court on subsection (6) of that Rule. In Shultz, we determined that the failure of a district court judge to disqualify himself from presiding over a case involving a prior client was a sufficient reason justifying relief from the operation of a judgment under subsection (6) of Rule 60(b). Shultz, 867 P.2d at

11

1111-12.

In our most recent decision involving attorney neglect or misconduct and subsections (1) and (6) of Rule 60(b), we concluded that bad advice from counsel does not rise to a level of gross neglect as would warrant setting aside a judgment under subsection (6). Falcon v. Faulkner (Mont. 1995), 903 P.2d 197, 52 St.Rep. 1011.

In Falcon, counsel erroneously advised his client, who had been sued in Montana for breach of contract, that the client need not answer the complaint or appear in the suit as Montana lacked personal jurisdiction over him. A default judgment was entered against the client in Montana and subsequently registered in Illinois, the client's state of residence.

In reaching our decision in Falcon, we relied on our prior decisions in Castor and Ring to state that, although the situation in Falcon did not require relief from the judgment, relief is warranted under subsection (6) of Rule 60(b) in extraordinary situations when circumstances go beyond those covered by the first five subsections and include gross neglect of a diligent client's case. Falcon, 903 P.2d at 201-02 (citing Ring, 643 P.2d at 1172; and Castor, 817 P.2d at 668). We also noted that the appellant in Falcon was not diligent as he waited more than five years before moving the court to set aside the judgment.

Accordingly, from a review of our prior case law it is apparent that in cases of an attorney's mistake, inadvertence, misconduct or neglect in the representation of a client, either

12

subsection (1) or subsection (6) may be applicable, depending upon the facts, the nature and the seriousness of the mistake, inadvertence, misconduct or neglect involved. In ordinary circumstances, subsection (1) of Rule 60(b) will be applicable. However, where the moving party can meet the higher burden of demonstrating extraordinary circumstances, gross neglect or actual misconduct, that the client was blameless and he or she acted to set aside the default within a reasonable period of time, then, under our case law, subsection (6) of Rule 60(b) is available. Necessarily, the decision on which subsection of the Rule will be applicable in a given set of circumstances will depend upon the facts of the case, upon how the motion is pled and, ultimately, will be left to the sound discretion of the trial court.

Turning to the case before us on appeal, we hold that the facts presented in this case are such extraordinary circumstances as would qualify for relief under subsection (6) of Rule 60(b). The Karlens' former attorney intentionally misled them into believing that their case was progressing and concealed from them the fact that the case had actually been dismissed. As shown, our prior case law permits attorney misconduct of such an egregious nature to fall within the "any other reason" clause of subsection (6) of Rule 60(b). Furthermore,

> [i]n determining what the ambiguous phrase "any other reason" means, the United States Supreme Court has stated:
>> In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate

13

> to accomplish justice.
> Klapprott v. United States (1949), 335 U.S. 601, 614-615,
> 69 S.Ct. 384, 390, 93 L.Ed. 266, 277.

In re Marriage of Waters (1986), 223 Mont. 183, 187, 724 P.2d 726, 729.

Evans has not shown the existence of a manifest abuse of discretion that would warrant reversing the District Court's Order. Accordingly, we hold that the District Court did not err by granting the Karlens' Rule 60(b)(6) motion to set aside the court's previous order dismissing their case and we affirm on this issue.

## Issue 2

Did the District Court err in finding that the Karlens brought their motion for relief within a reasonable time?

Since we have determined that the attorney misconduct shown in this case does rise to the level of gross neglect and is an extraordinary circumstance compelling relief under subsection (6) of Rule 60(b), we must also determine whether the Karlens' motion was made within a reasonable time. Rule 60(b), M.R.Civ.P.

In its February 23, 1995 Order setting aside the prior Order of Dismissal, the District Court stated that:

> Under the circumstances, the prejudice to Mr. Evans is minimal. Further, the Karlens acted reasonably. Once they learned that Mr. Dold had been disbarred and imprisoned, they had difficulty retrieving their file since no one was left in charge of Mr. Dold's files. Once the Karlens regained possession of their file, with the help of their new South Dakota [counsel], they were able to determine what had happened to their case. At that point, they moved to set aside the Order of Dismissal.

This analysis by the District Court on the question of timeliness follows our decision in Waters where we said that:

14

> What is a reasonable time will depend on the particular facts of the individual case. Questions of timeliness under the rule are addressed to the sound discretion of the court, and the court's judgment will be overturned only upon a showing of abuse of discretion. [Citation omitted.] Relevant to the determination of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. [Citation omitted.]

Waters, 724 P.2d at 730.

Accordingly, we hold that the District Court did not err in finding that the Karlens brought their motion for relief within a reasonable time and we affirm the decision of the District Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

15

April 16, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Neil E. Ugrin & Roger T. Witt
UGRIN, ALENXANDER, ZADICK & HIGGINS, P.C.
P.O. Box 1746
Great Falls MT 59403-1746

Jason F. Dykstra &  David A. Hopkins
MARRA, WENZ, JOHNSON & HOPKINS, P.C.
P.O. Box 1525
Great Falls MT 59403-1525

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy