No. 99-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 244

ERNEST E. BAHM,

Plaintiff and Respondent,

v.

TINA C. SOUTHWORTH and

DALE M. SOUTHWORTH,

Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Jeffrey A. Simkovic; Simkovic Law Firm, Billings, Montana

For Respondent:

Jolane D. Veeder and David A. Veeder; Veeder Law Firm,

Billings, Montana

Submitted on Briefs: December 22, 1999
Decided: September 13, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Montana's Thirteenth Judicial District Court, Yellowstone County, denied Tina and Dale Southworth's (the Southworths) motion to set aside a default judgment which was entered pursuant to Rule 37(d), M.R.Civ.P., for the Southworths' failure to comply with discovery requests. The Southworths now appeal. We affirm.

¶2 The Southworths state the issue as:

¶3 Did the District Court err when it denied the Southworths' Rule 60(b)(6), M.R.Civ.P., motion to set aside default judgment?

## Standard of Review

¶4 As a general rule, cases should be tried on the merits and judgments by default are not favored. For this reason, our review of a district court's ruling on a Rule 60(b), M.R.Civ. P., motion for relief from judgment depends on whether the motion was granted and judgment set aside. Karlen v. Evans (1996), 276 Mont. 181, 185, 915 P.2d 232, 235. Where, as here, a district court has refused to set aside the default, the proper standard of review is that a slight abuse of discretion will warrant reversal. *Karlen*, 276 Mont. at 185, 915 P.2d at 235.

## Factual and Procedural Background

¶5 Ernest Bahm (Bahm) brought this lawsuit concerning a dispute over possession of certain real estate. On May 15, 1998, the District Court entered default judgment against the Southworths. This initial default judgment was subsequently set aside on September 10, 1998. Thereafter, the court established an expedited discovery and trial schedule. Following the scheduling conference, Bahm properly served written discovery requests and noticed the Southworths' depositions. The Southworths did not appear for their depositions on October 9, 1998 and completely failed to respond to written discovery requests.

¶6 On appeal, the Southworths claim that their former attorney, Roy Johnson (Johnson),

informed them they did not need to attend their depositions because they had not been subpoenaed. This allegation contains no reference to the record as required by Rule 23(a)(3)(e), M.R.App.P., and is not supported by the trial court record. The record does show that the Southworths were in town on October 7, 1998, and made no attempt to reschedule their depositions. In fact, both parties agree that the attorneys did not discuss whether subpoenas were necessary for the parties until the day of the scheduled depositions.

¶7 Upon Bahm's motion, the District Court struck the Southworths' answer and counterclaim and entered default judgment. Johnson attended the hearing, explained that he had been unable to reach the Southworths as they were not in Montana and made a motion to withdraw as the Southworths' counsel. Johnson, however, neither obtained the parties' consent nor submitted a proposed order to the court.

¶8 The District Court issued an order on December 29, 1998, in which it declined to rule on Southworths' pro se motion to set aside default. Subsequently, the court clarified for the Southworths and the attorneys of record that the Southworths would continue to be represented by Johnson until Johnson properly withdrew. The court noted further that no pro se filings by the Southworths would be considered while they had counsel.

¶9 Nearly seven months later, the Southworths, through a different attorney, Jeffrey Simkovic, again filed a motion to set aside default judgment pursuant to Rule 60(b). The District Court refused to set aside the judgment on the grounds that: 1) since more than 60 days had passed since the entry of judgment, the motion failed to meet the requirements of Rule 60(b)(1), M.R.Civ.P.; and 2) the record contained neither facts nor sworn testimony of any extraordinary circumstances (such as attorney misconduct or gross negligence) that would allow the application of the more expansive "reasonable time" provision in Rule 60(b)(6). The court additionally noted that the Southworths were far from blameless, as evidenced by the Southworths' repeated lack of diligence which resulted in two separate default judgments.

## Discussion

¶10 Bahm has moved to strike an affidavit submitted to this Court by the Southworths and to impose sanctions against the Southworths' attorney.

¶11 We have previously held, "that the parties on appeal are bound by the record and may not add additional matters in briefs or appendices." Groves v. Clark, 1999 MT 17, ¶22,

294 Mont. 417, ¶22, 982 P.2d 446, ¶22 (citation omitted). We will not consider such matters in determining whether the court erred in making its findings. We hold that the affidavit, which is not part of the District Court record, should be stricken from the Southworths' appendix and will not be considered on appeal.

¶12 Although the affidavit was legitimately filed under Rule 22, M.R.App.P., in opposition to a motion to dismiss which was denied by this Court, it has no relevance outside of that context and was not properly included in the appendix to the Southworths' appeal brief. We determine that sanctions are not appropriate under these circumstances.

¶13 Did the District Court err when it denied the Southworths' motion to set aside default judgment?

¶14 As we clarified in *Karlen*, relief is available under Rule 60(b)(6), M.R.Civ.P., for situations other than those enumerated in the first five subsections of the rule. Rule 60(b)(6) applies when the movant demonstrates each of the following elements: 1) extraordinary circumstances including gross neglect or actual misconduct by an attorney; 2) the movant acted to set aside the judgment within a reasonable time period; and 3) the movant was blameless. *Karlen,* 276 Mont. at 190, 915 P.2d at 238. According to the facts in the District Court record, the Southworths failed each of the three elements required for the application of Rule 60(b)(6), M.R.Civ.P.

¶15 Although we may reverse a district court's refusal to set aside a default judgment upon a showing of only a slight abuse of discretion, the facts presented do not justify relief under Rule 60(b)(6), M.R.Civ.P. On appeal, the Southworths rely on unsworn allegations in briefs and information contained in an affidavit which was not submitted to the District Court. The District Court record simply indicates that the Southworths failed to respond to written discovery requests, failed to appear at their depositions, and failed to timely file a motion to set aside default judgment. The Southworths failed to provide the District Court with sworn testimony or any other factual evidence of extraordinary circumstances which might have allowed the District Court to set aside default judgment pursuant to Rule 60(b)(6), M.R.Civ.P. Based on the facts in the record, we hold that the District Court did not abuse its discretion in its refusal to set aside default judgment.

¶16 The Southworths had the opportunity to rectify any alleged attorney mistake or negligence by filing a timely motion to set aside judgment. The Southworths clearly were aware of the default judgment, as evidenced by their attempted pro se motion filed less

than two weeks after the default judgment was entered. Furthermore, the court informed the Southworths that their pro se motion would not be accepted, and that Johnson would continue to represent them until he had properly withdrawn. At that point, the Southworths could have timely filed a motion to set aside default judgment within the 60-day time frame provided in Rule 60(b)(1), M.R.Civ.P. Instead, the Southworths waited another five months to file a new motion to set aside judgment. Under these circumstances, we hold that filing a motion more than five months after the District Court declined to rule on a first motion is *not* acting within a reasonable time to set aside judgment.

¶17 The record indicates that after agreeing to an expedited discovery schedule, the Southworths left the state for approximately 45 days. The Southworths did not maintain contact with Johnson and left no way for Johnson to contact them. Their absence resulted in failure to appear at their own depositions and failure to respond to written discovery requests. We hold that the Southworths were neither diligent nor blameless in this situation.

¶18 The order of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY