No. 04-802

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 163N

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

RONALD WAYNE HOUT, JR.,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 03–77
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Ronald Wayne Hout, Jr., *Pro Se*, Shelby, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

       Robert Long, Lake County Attorney; Mark A. Russell,
Deputy County Attorney, Polson, Montana

Submitted on Briefs:  May 17, 2005

Decided:  June 28, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Ronald Wayne Hout, Jr., appeals from the order entered by the Twentieth Judicial District Court, Lake County, denying his "Motion for Enforcement of Judgment" concerning his prison sentence for felony driving under the influence of alcohol (DUI). We affirm.

¶3      The issue is whether the District Court erred in denying Hout's motion.

BACKGROUND

¶4      In 2003, Hout pled guilty to felony DUI in exchange for the State of Montana's agreement to dismiss two other charges and recommend a 13-month commitment to the Department of Corrections (DOC), followed by a 2-year suspended sentence, to run consecutive to the sentence imposed upon him in another criminal matter, DC-03-23.  The District Court imposed the recommended sentence in July of 2003.  In addition, the court ordered that if Hout successfully completed a residential alcohol treatment program, the remainder of the 13-month sentence must be served on probation and could not be sus-

2

pended. Hout states he was sentenced to 10 years in prison with 6 years suspended in DC-03-23.

¶5    In February of 2004, Hout successfully completed a residential alcohol treatment program. The following month, he filed a "Motion for Enforcement of Judgment" with the District Court, asking the court to suspend the remainder of his 13-month sentence.

¶6    The District Court first noted Hout had advanced no authority for a "Motion for Enforcement of Judgment." The court then stated Hout was to serve the sentence for his DUI offense consecutively to the sentence imposed in DC-03-23, and denied the motion.

DISCUSSION

¶7    Did the District Court err in denying Hout's motion?

¶8    Hout contends that, because he has complied with the provision of the DUI sentence concerning his successful completion of a residential alcohol treatment program, the remaining portions of the DUI sentence must be suspended. He contends that, by keeping him in prison, DOC is effectively modifying his sentence in violation of his rights to due process and equal protection.

¶9    Hout has attached a document to his appellate brief which was not before the District Court, and makes arguments on appeal which he did not raise in the District Court. On appeal, we generally will not consider documents and arguments which were not presented to the district court. *See, e.g., Bahm v. Southworth,* 2000 MT 244, ¶ 11, 301 Mont. 434, ¶ 11, 10 P.3d 99, ¶ 11; *State v. Bar-Jonah*, 2004 MT 344, ¶ 93, 324 Mont. 278, ¶ 93,

3

102 P.3d 1229, ¶ 93 (citations omitted).  We will not consider the document and arguments which were not before the District Court.

¶10   Under the District Court's judgment, Hout's "probation" on his 13-month DUI sentence does not commence until after he has served his time on DC-03-23.  Hout did not establish to the District Court that he had discharged the prison portion of his sentence in DC-03-23 at the time he filed his "Motion for Enforcement of Judgment."  We conclude, as a result, that the District Court did not err in denying Hout's motion.

¶11   Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER

4