JUSTICE MORRIS
delivered the Opinion of the Court.
¶ 1 Forbes Bartell (Bartell) and Katie Zabawa (Zabawa) were involved in a car accident in October of 2001. Bartell sued Zabawa in 2004. The District Court entered a default judgment on May 31,2006, in favor of Bartell in the amount of $101,300. The District Court later set aside the default judgment against Zabawa. Bartell appeals and we affirm.
¶2 Bartell’s appeal presents the following issue: Did the District Court manifestly abuse its discretion in setting aside the default judgment pursuant to Rule 60(b)(6)?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 Zabawa rear ended Bartell on October 24, 2001, while Bartell waited for children to cross the street. Zabawa reported the accident to her local insurance provider the next day. Safeco, Zabawa’s insurance carrier, made numerous attempts to investigate and adjust Bartell’s personal injury and property damages claims. In fact, Safeco paid some of Bartell’s medical bills and reimbursed him $2,200 for the damage to his pickup.
¶4 Safeco’s activity log indicates no fewer than thirty-four written and telephone contacts with Bartell, attempting to obtain information needed to settle the claim, between October 29, 2001, and June 21, 2004. Bartell never provided most of the requested information to Safeco. Bartell never informed Safeco that he was represented by counsel. Safeco eventually offered Bartell $500 as a final settlement offer. Safeco sent a letter to Bartell on June 21, 2004, informing him that he needed to reply within thirty days or Safeco would consider the *213 claim closed. Safeco’s letter listed a return address of a post office box in Seattle, Washington. Safeco received no response.
¶5 Bartell filed an action on October 11,2004, and served a summons upon Zabawa personally on November 29, 2004. Zabawa gave the papers to her local agent. The local agent attempted to fax the documents to Safeco. Safeco claims that it never received the complaint at its regional office. The clerk of court entered a default against Zabawa on January 3, 2005. No activity took place on the action for nearly a year and a half. This inactivity prompted the court to issue an order to show cause why the complaint should not be dismissed for lack of prosecution. Bartell filed a status report in which he informed the court that the clerk of court had entered a default against Zabawa. Bartell further informed the court that he had scheduled a hearing to present damages and ask the court to enter a default judgment. The court entered a default judgment against Zabawa on May 31, 2006, after holding a hearing to determine the amount of damages.
¶6 Bartell presented various medical bills at the hearing to support his claim of damages. Bartell had not submitted most of these medical bills to Safeco. The court inquired into Safeco’s absence from the proceedings. Bartell’s counsel replied “they just fell off the map. I don’t know. We communicated with them.”Bartell’s counsel further claimed that he had asked Safeco to accept service of the complaint and that Safeco had declined. Bartell’s counsel surmised that Zabawa may have failed to turn over the summons and complaint to Safeco. Bartell’s counsel conceded that he did not know what had happened, but added ‘T think after this is over we’ll find out probably.” Bartell’s counsel never mentioned Safeco’s thirty-four written and telephone contacts with Bartell. Bartell’s counsel also failed to mention that Safeco had paid some of Bartell’s medical bills and had reimbursed Bartell for $2,200 to cover the cost of repairs to his pickup. The court awarded $1,300 in medical expenses and $100,000 in general damages for total judgment of $101,300.
¶7 Bartell’s counsel next sent a letter to Safeco on October 3, 2006, demanding payment on the default judgment. Bartell sent the letter to a post office box in Spokane, Washington. Safeco claims that it never received this letter, or a second letter from Bartell’s counsel sent to the same post office box. Safeco contends that Bartell’s counsel sent the letter to an incorrect address. Bartell died in April 2007. Safeco finally received a copy of Bartell’s demand letter on September 18, 2007, and started its investigation into the incident. Bartell’s counsel sent this *214 third letter on behalf of Bartell’s estate to Safeco at a street address in Liberty Lake, Washington.
¶8 Wade Clutter (Clutter), the Safeco representative assigned to the case, determined that Safeco had not received any of the aforementioned documents, including the summons, the complaint, or the demand letters. Clutter speculates that Safeco’s local agent in Great Falls had failed to include a proper heading on the cover sheet when he attempted to fax the complaint and summons to Safeco in 2004. Clutter further alleges that, as a result, the summons and complaint did not make it into Safeco’s claim file. He contends that Safeco had no contact from Bartell after Safeco sent its letter of June 21, 2004, notifying Bartell that it would close the file if Bartell failed to respond.
¶9 Safeco filed a motion to set aside the default judgment pursuant to M. R. Civ. P. 55(c) and 60(b), on the grounds of mistake, inadvertence, and excusable neglect. Bartell objected on the grounds that the motion was untimely and that the underlying circumstances did not rise to the level of excusable neglect. The District Court ultimately granted Safeco’s motion pursuant to M. R. Civ. P 60(b)(6). The court concluded that relief would have been appropriate under M. R. Civ. P (60)(b)(l), but the 60 day appeal period had passed. The court instead relied upon M. R. Civ. P. 60(b)(6), which contains a time limit of “within a reasonable time,” and provides for “any other reasons justifying relief.”
STANDARD OF REVIEW
¶10 The principle that “every litigated case should be tried on the merits and thus judgments by default are not favored” guides this Court in considering motions to set aside default judgment. Essex Ins. Co. v. Moose’s Saloon Inc., 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451. We will reverse a decision to set aside a default judgment only upon a showing of manifest abuse of discretion. Essex, ¶ 17. A manifest abuse of discretion is one that is “obvious, evident, unmistakable.” St. James Healthcare v. Cole, 2008 MT 44, ¶ 21, 341 Mont. 368, 178 P.3d 696.
DISCUSSION
¶11 Did the District Court manifestly abuse its discretion in setting aside the default judgment pursuant to Rule 60(b)(6)?
¶12 The manifest abuse of discretion standard of review provides the framework through which we must evaluate the District Court’s *215 decision to set aside the default judgment. The District Court entered the default judgment in the first instance. The District Court, in turn, evaluated the claims by Bartell and Safeco, and determined the existence of extraordinary circumstances that supported setting aside the default judgment that it had entered. The District Court relied upon M. R. Civ. P. 60 (b)(6). We must conclude that the District Court obviously, evidently, and unmistakably abused its discretion in setting aside the default judgment in order to reverse.
¶13 In this regard, we further note that the record contains no transcript of any of the hearings in this matter. As a result, we must rely upon the District Court’s representations of what occurred and what was said. M. R. App. P. 8(2) imposes the duty on the appellant to provide the Court with a sufficient record on which to decide the issues on appeal. This duty includes requesting any transcripts, or portions of transcripts, necessary to decide the appeal. M. R. App. P. 8(3). We therefore evaluate this appeal based upon the record presented by the parties.
¶14 Safeco cited M. R. Civ. P. 55(c) and 60(b)(1) & (6) in seeking to set aside the default judgment. The District Court recognized the timeliness issue posed by the 60 day appeal time for claims under M. R. Civ. P. 60(b)(1). The court found, however, that the circumstances involved here warranted application of the more flexible “within a reasonable time” standard contained in 60(b)(6). The court nevertheless first proceeded to analyze Safeco’s motion under the standards for relief for judgment under subsection (1). These standards require the court to evaluate (1) whether the defendant proceeded with diligence, (2) whether the defendant can establish excusable neglect, (3) whether the judgment would affect the defendant injuriously, and (4) whether the defendant has a meritorious defense. Kootenai Corp. v. Dayton, 184 Mont. 19, 26, 601 P.2d 47, 51 (1979).
¶15 Most of the District Court’s analysis focused on the issue of excusable neglect with a summary evaluation of the remaining three factors. The court considered the injury to the defendant to be established simply by the size of the default judgment in this case. The court acknowledged that liability seemed ‘fairly clear,’’but questioned the $100,000 in general damages in light of the concession by Bartell’s counsel at the default hearing that a jury “might come in in the $25,000 range.” The court deemed this concession to confirm the existence of a meritorious defense by Safeco to a large portion of the $100,000 award of general damages. The court also concluded that Safeco proceeded with diligence in that Safeco retained counsel and *216 filed the motion to set aside the default “promptly upon receipt of the September 12, 2007, letter.”
¶16 With respect to the issue of excusable neglect, the court relied mainly upon this Court’s decision in Blume v. Metropolitan Life Ins. Co., 242 Mont. 465, 791 P.2d 784 (1990). The plaintiffs in Blume served the complaint and summons on the Insurance Commissioner. The Insurance Commissioner, in turn, mailed the documents to the defendant insurance company. The defendant insurance company had no record of ever receiving the documents. The court in Blume ordered the default set aside on the grounds that “[n]egligence or inadvertence directly traceable to a party litigant or his attorney, no less excusable than that disclosed by this record, has many times been held sufficient to warrant the opening of a default.” Blume, 242 Mont. at 469, 791 P.2d at 787. The District Court found Blume “compelling” in light of the fact that the question of what happened to the complaint and summons in each case “remains a mystery.” Thus, the District Court considered it “significant” that relief under subsection (1) would have been available to Safeco, but for the time bar.
¶ 17 The court evaluated Safeco’s motion to set aside the default under M. R. Civ. P. 60(b)(6), once it determined that Safeco would have been entitled to relief from the default pursuant to subsection (1), but for the time bar. The court compared the similarity of facts here and those presented in Maulding v. Hardman, 257 Mont. 18, 847 P.2d 292 (1993). In Moulding, plaintiffs counsel failed to maintain contact with the insurer and comply with its requests for information. Plaintiff filed a complaint and obtained a default judgment without ever having contact with the insurer regarding the action. Plaintiff contacted the insurer only after the court had issued a default judgment, the time for appeal had expired, and payment had been sought. Maulding, 257 Mont. at 25-26, 847 P.2d at 297.
¶18 The District Court cautioned that it found “nothing remotely approaching misconduct” on the part of Bartell’s counsel. The court noted, however, the “similarity of facts.” For instance, the court discussed the fact that Bartell, before he retained counsel, had been dealing directly with Safeco. Safeco even paid some of Bartell’s bills. These facts prompted the court to conclude that Bartell “was looking to Safeco for recovery.” The court also determined that Maulding suggests that a court must consider prejudice to the parties. The court in Maulding concluded that any prejudice to the parties resulted from plaintiffs counsel’s own doing. Plaintiff s counsel had made a demand one week after the accident, had failed to respond to requests for *217 information, and had not filed the action until a year and a half later. Maulding, 257 Mont. at 27, 847 P.2d at 298-99. Plaintiffs counsel also delayed service on the complaint for forty days and did not seek entry of default for another two months. Maulding, 257 Mont. at 27, 847 P.2d at 299.
¶19 The District Court highlighted the similarities with Maulding. The court described Bartell’s counsel as “apparently never in a hurry to move the matter along.” The court admitted to not knowing when Bartell retained his counsel, but noted that Bartell’s counsel had not filed the action until ‘just days before the Statute of Limitations would have run.”The court further admitted that Bartell’s counsel timely had perfected service and obtained entry of default. The court cited, however, the fact that “another almost year and one half’had passed before counsel requested a hearing on the default. Indeed, the District Court noted that its issuance of an order to show cause why the case should not be dismissed had triggered Bartell into acting. The court further observed that Bartell waited over four months before attempting to send Safeco a letter concerning the default judgment, and nearly another year before sending any follow up letters. The court attributed “much of the delay” to Bartell.
¶20 The court finally addressed any prejudice in light of the fact that Bartell had died after the court issued the default judgment. The court referred to the fact that the accident had taken place in 2001 and noted all of the intervening factors during the six-year period after the accident. The court concluded that it could not overlook the prejudice to Safeco in allowing the default judgment to stand. The court relied on Maulding to support its conclusion that prejudice to a third party constitutes a proper consideration in M. R. Civ. P. 60(b) motions. Maulding, 257 Mont. at 26, 847 P.2d at 297.
¶21 The Dissent raises the issue that Zabawa has failed to demonstrate that none of the other subsections of M. R. Civ. P. 60(b) apply. The Dissent points to a statement from In re Marriage of Waters, 223 Mont. 183, 724 P.2d 726 (1986), that in order for a party to modify a final judgment under Rule 60(b)(6), ‘he must first show that none of the other five reasons of the rule apply.” Waters, 223 Mont. at 187, 724 P.2d at 729. It appears, however, that the Court itself undertook the analysis of whether any of the reasons set forth in M. R. Civ. P. 60(b)(l)-(5) applied to Waters. The Court simply found that ‘In]one of the other five reasons listed in the rule apply to this case.” Waters, 223 Mont. at 187, 724 P.2d at 729. The Court proceeded to evaluate the case under M. R. Civ. P. 60(b)(6), to determine whether *218 extraordinary circumstances warranted relief. Waters, 223 Mont. at 187, 724 P.2d at 729.
¶22 None of the Court’s Rule 60(b)(6) cases decided over the succeeding twenty years after Waters imposed any type of duty upon the moving party to demonstrate that none of the reasons in subsections (1) through (5) applied to their case. See e.g. Schultz v. Hooks, 263 Mont. 234, 867 P.2d 1110 (1994); Karlen v. Evans, 276 Mont. 181, 190-91, 915 P.2d 232, 238; Bahm v. Southworth, 2000 MT 244, 301 Mont. 434, 10 P.3d 99; Skogen v. Murray, 2007 MT 104, 337 Mont. 139, 157 P.3d 1143. It was not until Essex that the Court interpreted the language in Waters to impose an affirmative duty upon the moving party to demonstrate that “none of the other five reasons in Rule 60(b) apply.” Essex, ¶ 21. This requirement forces a party to address portions of subsection (1) through (5) that may not be connected remotely to their motion.
¶23 The Court in Essex noted that ‘inexplicably” the district court and opposing counsel overlooked the fact that the moving party had not affirmatively addressed subsections (1) though (5). Essex, ¶ 24. The lack of any explicit mention in the progeny of cases listed above regarding the use of M. R. Civ. P. 60(b)(6) likely accounts for the failure of the district court or the parties to raise the question of any affirmative duty by the moving party to demonstrate that subsections (1) through (5) did not apply. Despite no mention of any such affirmative duty for almost 20 years of cases, Essex resurrected from Waters what it interpreted to be an affirmative duty on the moving party to demonstrate that no other subsections of Rule 60(b) applied. Similar to the Court in Waters, we instead will evaluate whether any of the reasons in subsections (1) through (5) would apply to Zabawa’s motion to set aside the default judgment. Waters, 223 Mont. at 187, 724 P.2d at 729.
¶24 The Dissent correctly notes that relief generally is available under M. R. Civ. P. 60(b)(6) ‘Tor situations other than those enumerated in the first five sub-sections of the rule.” Montana Prof. Sports, LLC v. Natl. Indoor Football League, LLC, 2008 MT 98, ¶ 54, 342 Mont. 292, 180 P.3d 1142, citing Matthews v. Don K Chevrolet, 2005 MT 164, ¶ 17, 327 Mont. 456, 115 P.3d 201. In certain circumstances, however, either subsection (1) or subsection (6) may apply, depending upon the particular nature and seriousness of the action or inaction involved. Karlen, 276 Mont. at 190, 915 P.2d at 238.
¶25 This Court in Karlen conducted an extensive analysis of the interplay between subsection (1) and subsection (6). The Court *219 determined that in the case of counsel's mistake, inadvertence, misconduct, or neglect in the representation of a client either subsection could apply “depending upon the facts, the nature and seriousness of the mistake, inadvertence, misconduct or neglect involved.” Karlen, 276 Mont. at 190, 915 P.2d at 238. Relief could be available pursuant to M. R. Civ. P 60(b)(6) when a moving party can meet the higher burden of demonstrating extraordinary circumstances, gross neglect or actual misconduct, while showing that they were blameless and acted to set aside the default within a reasonable time. Karlen, 276 Mont. at 190, 915 P.2d at 238. The Court left the decision on which subsection applies ‘to the sound discretion of the trial court.” Karlen, 276 Mont. at 190, 915 P.2d at 238.
¶26 Counsel for the plaintiffs had led them to believe their case was progressing. Counsel concealed from the plaintiffs the fact that the court had dismissed it. Karlen, 276 Mont. at 190, 915 P.2d at 238. The Court affirmed the district court’s decision to set aside the judgment pursuant to subsection (6) in light of the “extraordinary circumstances” presented. The Court concluded that attorney misconduct of an egregious nature fell within the “any other reason” clause of subsection (6). Karlen, 276 Mont. at 190, 915 P.2d at 238.
¶27 As further noted by Karlen, the U.S. Supreme Court has recognized that the “other reason” reason clause in subsection (6) of the federal counterpart to M. R. Civ. P 60(b)(6) ‘Vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.” Karlen, 276 Mont. at 190-91, 915 P.2d at 238 (quoting Klapprott v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949)). We, too, adopt an interpretation of the “any other reason” clause of subsection (6) that permits a court to vacate a judgment “whenever such action is appropriate to accomplish justice.” We emphasize that a party seeking to set aside a judgment pursuant to subsection (6) must do more than demonstrate that it would have prevailed under subsection (1), but for the time bar. The party also must meet the higher standard set forth in subsection (6), that includes the presence of demonstrating extraordinary circumstances that would justify the Court setting aside the judgment. Karlen, 276 Mont. at 190, 915 P.2d at 238.
¶28 Finally the Dissent suggests that it agrees with the analysis in Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990), that subsection (6) cannot be used to overcome a party’s failure to comply with a time limitation. A closer reading of Fuller, however, demonstrates that its reasoning fully supports the District Court’s action in this case. There the *220 plaintiff filed an action through counsel alleging a personal injury and the defendant answered the complaint. Fuller, 916 F.2d at 359. The trial court dismissed the claim shortly thereafter due to the failure by plaintiffs counsel to appear for the “court’s docket call.” Fuller, 916 F.2d at 359. The plaintiff, represented by a different counsel, filed a motion to set aside the dismissal pursuant to Fed. R. Civ. P. 60(b)(6). The trial court determined that “the interests of justice” required reinstatement of the case. Fuller, 916 F.2d at 360.
¶29 The defendant argued on appeal that subsection (1) encompassed the plaintiffs motion to set aside the .dismissal and that plaintiff had failed to comply with the time limit in subsection (1). Fuller, 916 F.2d at 360-61. This failure, argued the defendant, precluded the court from granting relief under subsection (6). The court first rejected the notion that subsection (1) applied and instead agreed with the trial court that subsection (6)’s broad drafting granted discretion to courts “to grant relief from judgment in unusual situations.” Fuller, 916 F.2d at 361. The court affirmed the trial court’s decision to set aside the dismissal of the complaint pursuant to subsection (6). Fuller, 916 F.2d at 361.
¶30 Here the District Court initially analyzed Zabawa’s claim under M. R. Civ. P. 60(b)(1). The court ultimately granted relief under M. R. Civ. P. 60(b)(6), however, after considering all of the factors leading to the default judgment. For these reasons, we do not require a detailed analysis of subsections (2) though (5) of M. R. Civ. P. 60(b) in this case as the record establishes that Zabawa is not trying to sneak her claim through subsection (6). A successful M. R. Civ. P. 60(b)(6) motion requires that (1) the movant demonstrate extraordinary circumstances, (2) the movant acted to set aside the judgment within a reasonable time, and (3) the movant was blameless. Karlen, 276 Mont. at 190, 915 P.2d at 238; Essex, ¶ 25. The District Court compared the similarity of facts here and those in Moulding in reaching its conclusion that setting aside the default judgment was warranted.
¶31 We first review the District Court’s determination of extraordinary circumstances that would justify relief. We agree with the District Court’s assessment that it found “nothing remotely approaching misconduct” on the part of Bartell’s counsel. The record does not document the date when Bartell retained counsel. We know, however, that Safeco dealt directly with Bartell until the time it sent its last request for information on June 21, 2004. We do not attribute to Bartell’s counsel any failure to respond to Safeco’s request for information before June 21, 2004. We nevertheless cannot ignore the *221 fact that Safeco made no fewer that thirty-fonr attempts to obtain information for settling the claim between October 29,2001, and June 21, 2004.
¶32 Safeco even paid some of Bartell’s medical bills and refunded Bartell $2,200 for vehicle repair. The District Court concluded that Bartell “was looking to Safeco for recovery” in light of these payments. Safeco informed Bartell in its final letter that it would consider the matter closed if it received no response within thirty days. We cannot escape the fact that Bartell’s failure to respond, regardless of whether represented by counsel at the time, resembles the attorney’s failure to contact the insurer in Maulding. Thus, we cannot conclude that the District Court committed a manifest abuse of discretion in determining that extraordinary circumstances supported Safeco’s motion to set aside the default. Essex, ¶ 17.
¶33 The second element under M. R. Civ. P. 60(b)(6) requires that the movant must act to set aside the judgment within a reasonable period of time depending on the facts of the case. Essex, ¶¶ 25, 32. Safeco claims that it first received notice of Bartell’s action when it received the letter of September 12, 2007, from Bartell’s counsel. Bartell has failed to present any evidence that Safeco had notice of this action before September 12, 2007. Bartell also has failed to explain why he sent the first two demand letters to incorrect addresses, but sent the third demand letter to Safeco’s correct address.
¶34 The District Court determined that Safeco had proceeded with diligence based on the fact that Safeco retained counsel and filed the motion to set aside the default “promptly upon receipt of the September 12,2007, letter.”The District Court concluded that 10 days constituted a reasonable amount of time in light of the fact that the accident had occurred six years earlier. Once again we cannot conclude that the District Court committed a manifest abuse of discretion in determining that Safeco acted within a reasonable amount of time when it moved to set aside the default judgment within 10 days of first receiving notice. Essex, ¶ 17.
¶35 The third element under M. R. Civ. P. 60(b)(6) requires the movant to be blameless. Essex, ¶ 25. Zabawa promptly took the complaint and summons to her local insurance agent after receiving them. The local insurance agent apparently attempted to fax the complaint and summons to Safeco on November 30,2004. Safeco never processed the complaint.
¶36 The question arises as to whether Safeco can be considered blameless in light of the fact that its local agent received the summons *222 and complaint from Zabawa. The District Court determined that, like in Blume, what happened to the complaint and summons here “remains a mystery.” The District Court proceeded, therefore, to evaluate blamelessness in the context of the relative prejudice to the parties. The court determined that Safeco would suffer prejudice if the court denied the motion to set aside the default. In particular, the court noted that Bartell’s counsel opined at the hearing that a jury “might come in around $25,000.” The court contrasted this prejudice to Safeco with any countervailing prejudice to Bartell. Forbes Bartell died in April 2007.
¶37 Bartell cites the Court’s conclusion in Maulding that nothing indicated that any witness would be unavailable or that the plaintiff would be unable to present evidence as a basis for affirming the default judgment. Maulding, 257 Mont. at 27-28, 847 P.2d 298-99. Here, by contrast, Bartell contends that Bartell’s death creates severe evidentiary and testimonial problems for the family. Safeco replies that Bartell’s family will be able to testify as to their observations of Bartell’s condition and that Bartell’s medical records may be admitted into evidence.
¶38 The District Court pointed out that Bartell’s counsel was “never in any hurry” to get this case resolved. The District Court attributed much of the delay in resolving the case to Bartell. Bartell fails to explain how the District Court abused its discretion in reaching this conclusion. Bartell waited nearly three years after the accident to file his complaint. Bartell waited nearly a year and a half after serving the complaint before requesting a hearing on the default. Bartell waited four months after the court entered the default before sending a demand letter to Safeco. Bartell waited another year before sending any follow up letters to Safeco. These delays by Bartell undermine any notion that the District Court committed manifest abuse of discretion in determining that any prejudice to Safeco outweighed prejudice to Bartell. Essex, ¶ 17.
¶39 We agree with the District Court that Safeco would have been entitled to relief pursuant to M. R. Civ. P. 60(b)(1), but for the 60 day time ban. As we noted earlier, however, a district court may also consider whether relief may be granted under subsection (b)(6) if the court finds that the additional considerations required to support a finding under subsection (b)(6) are present as well. A party seeking to set aside a judgment pursuant to subsection (6) must do more than demonstrate that it would have prevailed under subsection (1), but for the time bar. The party also must meet subsection (6)’s higher *223 standard by demonstrating the presence of extraordinary circumstances that would justify the Court setting aside the judgment. Karlen, 276 Mont. at 190, 915 P.2d at 238.
¶40 We cannot conclude on the record presented here that the District Court committed an “obvious, evident, unmistakable”abuse of discretion when it set aside the default judgment pursuant to M. R. Civ. P. 60(b)(6). St. James Healthcare, ¶ 21.
¶41 Affirmed.
JUSTICE LEAPHART and WARNER and DISTRICT COURT JUDGE BROWN, sitting FOR CHIEF JUSTICE GRAY, concur.