CHIEF JUSTICE McGRATH
concurs and dissents.
¶45 While I concur with the majority opinion, I write separately on the narrow issue addressing the standard to be used to set aside a default judgment raised by the cross-appeal. I concur with the Court’s determination that the trial court did not abuse its discretion, but I dissent from the majority’s application of the three-part test used in Essex Ins. Co. v. Moose’s Saloon, Inc., 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451, and other opinions.
¶46 The majority opinion makes clear that our case law is confusing, convoluted, and far too complex. It does not need to be. I agree with the Court’s decision to overrule Maulding v. Hardman, 257 Mont. 18, 847 P.2d 292 (1993). I would additionally cease stating the M. R. Civ. P. 60(b)(6) standard as a three-part test as we have done in the past and as the Court does here. See ¶¶ 41-42. Instead, I would simply instruct the distri ct courts to apply the plain language of Rule 60(b)(6) and to consider whether circumstances other than those listed in the first five subsections justify setting aside the judgment.
¶47 As an initial matter, our interpretations correctly incorporate a *35 judicial policy that protracted and needless litigation is not favored. The process needs to come to a final resolution. “There must be some point at which litigation ends and the respective rights between the parties are forever established.” In re Marriage of Weber, 2004 MT 211, ¶ 26, 322 Mont. 341, 96 P.3d 716. Setting aside a judgment is not a matter to be considered lightly. That principle should be incorporated in the criteria to be reviewed, and I agree with the Court in that regard.
¶48 My concern with the Court’s approach is the use of the “three-part test.” I do not suggest that a Rule 60(b)(6) movant does not have to demonstrate extraordinary circumstances to be entitled to relief. Requiring extraordinary circumstances is simply another way of saying that there must be some “other reason thatjustifi.es relief.” In fact, demonstrating circumstances that justify relief should be the sole focus of Rule 60(b)(6) analysis. I also do not suggest that a Rule 60(b)(6) motion does not have to be filed within a reasonable time; subsection (c)(1) tells us that it must. It is not necessary, however, that a district court always require a movant to demonstrate “blamelessness.” Its inclusion as an essential element muddles our analysis and detracts from what should be the court’s focus-whether justice requires relief from the judgment.
¶49 The language of Rule 60(b)(6) is purposely broad. It is a catch-all provision to cover unforeseen situations not addressed by the first five clauses of Rule 60(b). In re Marriage of Tesch, 199 Mont. 240, 245, 648 P.2d 293, 196 (1982) (citing Charles Alan Wright, Arthur Raphael Miller, & Edward H. Cooper, Federal Practice and Procedure vol. 11, § 2864, 211-12 (1st ed., West 1973)). As the United States Supreme Court noted, “the language of the ‘other reason’ clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.”[1] Klapprott v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949).
¶50 As the majority opinion notes, we have long held that relief under subsection (6) is only available in extraordinary situations not covered by the first five subsections. Tesch, 199 Mont, at 245, 648 P.2d at 293; In re Marriage of Castor, 249 Mont. 495, 500, 817 P.2d 665, 668 (1991); Karlen v. Evans, 276 Mont. 181, 190, 915 P.2d 232, 238 (1996). That *36 limitation derives from the language of the Rule itself. Rule 60(b)(6) permits a court to grant relief from a judgment for “any other reason that justifies relief.” (Emphasis added).
¶51 In Karlen, we considered whether a judgment could be set aside under subsection (6) for an attorney’s mistake, inadvertence, misconduct, or neglect in representing a client, or whether relief in those circumstances must be obtained under subsection (1). Subsection (1) provides that a judgment can be set aside for “mistake, inadvertence, surprise, or excusable neglect.” We held that subsection (1) will be applicable in ordinary circumstances of attorney error, but that,
where the moving party can meet the higher burden of demonstrating extraordinary circumstances, gross neglect or actual misconduct, that the client was blameless and he or she acted to set aside the default within a reasonable period of time, then, under our case law, subsection (6) of Rule 60(b) is available.
Karlen, 276 Mont, at 190, 915 P.2d at 238. Importantly, we did not hold that was the exclusive method of satisfying the requirement of subsection (6).
¶52 In Bahm v. Southworth, 2000 MT 244, 301 Mont. 434, 10 P.3d 99, another case involving attorney error, we restated our Karlen holding in unqualified terms as a three-part test. We held that “Rule 60(b)(6) applies when the movant demonstrates each of the following elements: 1) extraordinary circumstances including gross neglect or actual misconduct by an attorney; 2) the movant acted to set aside the judgment within a reasonable time period; and 3) the movant was blameless.” Bahm, ¶ 14. We concluded that the district court properly denied the Rule 60(b)(6) motion because the movant had failed to demonstrate each of the three “required elements.” Bahm, ¶ 14. In doing so, we laid the groundwork for our current confusion.
¶53 As the Court does here, we have since frequently cited the three-part test as the standard to be applied to all Rule 60(b)(6) motions. See Essex Ins. Co., ¶ 25; In re Paternity of C.T.E.-H., 2004 MT 307, ¶ 45, 323 Mont. 498, 101 P.3d 254; In re Marriage of Orcutt, 2011 MT 107, ¶ 12, 360 Mont. 353, 253 P.3d 884. This three-part test needlessly confuses Rule 60(b)(6) analysis and distracts from what the trial court should be focusing on; whether the circumstances justify relief. By using the three-part test, we have needlessly narrowed the application of a rule that was intended to address a wide range of unknown circumstances.
¶54 Our holding in Karlen did not set forth the exclusive path for *37 relief under Rule 60(b)(6). Yet our repeated recitation of the three-part test has made it so. As noted above, I believe that the sole focus should be on whether the circumstances justify relief. Other “elements” are unnecessary when considering the merits of a Rule 60(b)(6)motion. The requirement that a Rule 60(b)(6) motion must be filed within a reasonable time used to be mandated by Rule 60(b)(6) itself. That requirement is now set forth as Rule 60(c)(1). Thus its inclusion in the analysis of the merits of a Rule 60(b)(6) motion is redundant and unnecessary.
¶55 Additionally, requiring a movant to prove “blamelessness” should be limited to cases in which the circumstances that allegedly justify relief are an attorney’s mistake, inadvertence, misconduct, or neglect in the representation of a client. In those cases, like in Karlen, the movant must demonstrate blamelessness because otherwise subsection (1) would be applicable. However, the “blameless” component unnecessarily constricts our review in other cases. While a party’s fault or lack of good faith can certainly be a factor in the court’s consideration of whether the circumstances justify relief, the wide array of “other circumstances” that could conceivably justify relief under Rule 60(b)(6) will not always require the movant to demonstrate “blamelessness.”
¶56 This approach accurately reflects our holdings before the three-part test led us astray. It is also consistent with the approach taken by the federal courts, which do not use a three-part test when considering the analogous federal rule. See Klapprott, 335 U.S. at 614-15, 69 S. Ct. at 390; Ackermann v. United States, 340 U.S. 193, 197-200, 71 S. Ct. 209, 211-12 (1950); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64, 108 S. Ct. 2194, 2204-05 (1988); Gonzalez v. Crosby, 545 U.S. 524, 534-35, 125 S. Ct. 2641, 2649-50 (2005); Mackey v. Hoffman, 682 F.3d 1247, 1250-51 (9th Cir. 2012).
¶57 Rule 60(b)(6) was meant to be flexible and malleable to accommodate unforeseeable situations. A catch-all provision, by its very nature, is not meant to be limited. The three-part test attempts to inject certainty into a rule that was meant to address uncertain circumstances. I would not apply the three-part test and would instead instruct the trial courts to apply the plain language of the Rule. Most situations will be covered by the first five subsections of the Rule. In extraordinary cases that are not covered by the first five subsections, however, the trial court should be given the discretion to consider all of the relevant factors and not just those that we have previously identified as pertinent. Our prior cases serve as guidance to help *38 identify relevant considerations in different circumstances. The trial courts’ analysis should focus simply on whether the circumstances justify relief. While this standard is somewhat vague, it is purposely and necessarily so. Consequently, I dissent from the application of the three-part test first articulated in Bahm and adopted in subsequent opinions.

 We purportedly adopted this interpretation of subsection (6) in Bartell v. Zabawa, 2009 MT 204, 351 Mont. 211, 214 P.3d 735, yet in that case we nevertheless applied the three-part test as the Court does here.