### BARKLEY, respondent, *v.* TIELEKE, appellant.

PRACTICE — *remedy for errors in appellate court — immaterial variations disregarded.* Errors in a former decision of the appellate court cannot be reviewed on an appeal from the judgment entered in the court below in pursuance of such decision, but only on motion for a rehearing or appeal to a higher court. The judgment of the court below in decreeing absolute title in the party in whose favor the appellate court directed that a perpetual injunction should issue, is not such error that this court will set aside such judgment. The finding in favor of the perpetual injunction presumes such title.

*Appeal from First District, Jefferson County.*

CHUMASERO & CHADWICK and SHOBER & LOWRY, for appellants.

G. G. SYMES, for respondents.

KNOWLES, J. The appellants claim in this case that the court committed an error when it was formerly before it, in ordering that the court below should enter a judgment granting a perpetual

injunction against the appellants herein, besides reversing the judgment that had been entered therein by the court below; that on that appeal this court should have granted only a new trial.

If this court committed an error in this case on a former appeal, it cannot review it in this proceeding. Any error then committed can be reviewed by this court only on a rehearing, or on an appeal to a higher court. The *respondents* in this appeal were the *appellants* in the former one, but so far as the record of this case discloses the action of this court on the former appeal, I still fail to see any error that it then committed. The appellants claim that they did not have their day in court with their witnesses. There is nothing in the record that discloses this. The inference to be drawn from the record is the reverse. This is part of the judgment that was reversed on the former appeal:

"This cause coming on to be heard before Hon. F. G. SERVIS, judge of said court, in chancery sitting, at the March term of said court, A. D. 1873, upon the bill, answer and replication filed in said cause, and the proofs and allegations of the respective parties, and the court being fully advised," etc.

It is evident that there was a trial of the cause, and unless this is a formal record, both parties introduced proofs. If the appellants did not there is nothing to show that they could not have done so.

The second error assigned by the appellants is, that the district court exceeded its authority as instructed by the supreme court. The supreme court directed only that a perpetual injunction issue against appellants. The district court went further, and decreed an absolute title to certain property in respondents. The pleadings in this case are not a part of the record, but from what appeared in the opinion of this court on the former appeal, and which is a part thereof, it is evident that the object of this action was to procure a perpetual injunction restraining the appellants herein from diverting the waters of Indian creek. Before such a writ could issue, it was necessary to find that as against these appellants the respondent was the owner thereof. This court, when the case was before it on the former appeal, undoubtedly held, basing its ruling upon the evidences presented in the record and the findings of the court below, that the respondent was the owner

of this water, as against appellants. The opinion in that case, which, as I have said, is a part of this record, clearly shows this. Hence it ordered the court below to issue the injunction prayed for. The mere fact that it ordered a perpetual injunction raises the presumption that it found that the respondent, as against the appellants, was entitled to this water. Although it was not necessary for the purposes of the case for the court to make this conclusion of law a matter of record, yet I am unable to see how the appellants could be damaged by this finding. It was only making a record of what would be the legal presumptions from the awarding of the perpetual injunction.

For these reasons I find no error in the judgment of the court below that should reverse it. The judgment of the court below is affirmed, with costs.

*Judgment affirmed.*