DA 09-0512

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 174N

MILAN R. AYERS,

      Plaintiff and Appellant,

v.

JAMES R. RUBOW, et al.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. 12501
Honorable R. D. McPhillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Milan R Ayers; self-represented, Shelby, Montana

      For Appellees:

            Gregory J. Hatley; Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
Montana

                Submitted on Briefs: July 14, 2010

                        Decided: August 9, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Milan Ayers appeals the judgment entered by the Ninth Judicial District Court, Toole County, in this action based on a business dispute over a natural gas resource development. The District Court ruled that Ayers is not entitled to any recovery against any of the defendants he named in the action. We affirm.

¶3 On appeal, Ayers, who is self-represented, complains principally about the unexplained delay between the 1985 trial in this matter and the District Court's 2009 entry of findings of fact, conclusions of law, and judgment. He alleges that the delay, and the unavailability of an official tape from which he could have ordered transcripts made after all that time, are evidence of a local conspiracy against him. Ayers also has submitted his calculations showing that, in the years since the trial, the gas field at issue has proved to be lucrative, in contrast to defense witnesses' testimony at trial that the gas field reserves were not enough for a feasible project. Finally, Ayers claims that bank officer Westermark's trial testimony -- which Ayers was not able to have transcribed -- supports his contention that he was double-crossed by the defendants.

¶4 It is settled law that our review in a direct appeal is confined to matters within the record presented to the district court. *See e.g. Bahm v. Southworth*, 2000 MT 244, ¶ 11, 301

Mont. 434, 10 P.3d 99. Ayers fails to challenge any of the findings of fact or conclusions of law adopted by the court in 2009. Moreover, while it is extremely unfortunate that the judgment in this case was not filed for almost 25 years, the record does not reflect any efforts by Ayers during that time to obtain a final resolution of this matter.

¶5 Ayers' claims about a conspiracy against him, and various other alleged improprieties during the delay between the trial and the entry of judgment, are not claims that we may consider in this appeal. Similarly, Ayers' claim that the gas field has proved to be lucrative in the years since the trial is outside the record. Finally, because the alleged testimony of witness Westermark has not been transcribed, we are not able to review that testimony. At any rate, the argument based on that testimony, that Rubow's payment of a draft five days before it was due somehow amounted to a double-cross of Ayers, does not follow logically from the District Court's findings of fact, which Ayers does not specifically challenge.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law.

¶7 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE

3