FILED

01/16/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0262

DA 23-0262

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 9N

IN RE THE MARRIAGE OF:

CARLA CRUZ,

      Petitioner and Appellee,

  and

CARLOS A. CRUZ HERNANDEZ,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-22-36
Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Christopher S. Fisher, Montana Families PLLC, Missoula, Montana

      For Appellee:

          Bradley J. Jones, Bulman Jones & Cook PLLC, Missoula, Montana

Submitted on Briefs:  November 8, 2023

Decided:  January 16, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Carlos A. Cruz Hernandez (Hernandez) appeals an adverse District Court order from the Fourth Judicial District Court, Missoula County, setting aside default judgment against his ex-wife, Carla Cruz (Cruz), in a marriage dissolution proceeding. We affirm.

¶3 After initially entering default judgment against Cruz for her failure to engage in the divorce proceeding that she initiated, the District Court ultimately set aside its judgment pursuant to M. R. Civ. P. 60(b)(6), finding that Cruz bore "little responsibility for the default and resulting Decree" because her attorney failed to keep her apprised of the proceeding. Hernandez argues on appeal that the District Court abused its discretion by misapplying standards available for relief from default judgment under M. R. Civ. P. 60(b).

¶4 Cruz retained Missoula attorney Suzanne Marshall to represent her in this divorce proceeding on January 9, 2022. In their initial conversations, Cruz explained that she does not regularly use email, thus Marshall would need to text or call to update her on the progress.

¶5 On January 18, 2022, Cruz signed and Marshall filed a Petition for Dissolution (Petition) at the District Court. Cruz and Marshall exchanged text messages and emails

2

between January 19, 2022, and February 9, 2022. After February 9, 2022, Cruz and Marshall did not communicate back and forth again.

¶6 Marshall emailed a copy of the Petition to Hernandez on February 26, 2022. Although Cruz had signed the Petition—and subsequently texted Marshall for an update on February 28—Marshall did not inform Cruz that she sent the Petition to Hernandez. Hernandez filed an answer on March 16, 2022. Marshall failed to advise Cruz that she had received a response. Counsel for the parties filed a stipulated scheduling order on May 3, 2022.

¶7 On September 7, 2022, counsel for Hernandez filed a notice that Marshall and Cruz had missed all deadlines agreed to in the scheduling order. The District Court issued a sanctions order on October 6, 2022, and set a status conference for October 18, 2022, with the "express purposes" of "getting this case back on track for a speedy and inexpensive resolution, and [] discussing the sanctions for Ms. Cruz's violation of the Court's scheduling order."

¶8 On October 18, 2022, Marshall and Cruz both failed to appear for the status conference. The District Court telephoned Marshall from the bench to ask for an explanation. Marshall explained that she had received the sanctions order but was unaware of the events she had missed pursuant to the May 3, 2022 scheduling order (even though she had signed the stipulation on April 23, 2022). Although Marshall was "cooperative in setting deadlines and committing to a mediation" over the phone, she did not offer a satisfactory explanation as to why she failed to appear to respond to the sanctions order.

¶9 In an order issued the same day, the District Court deferred sanctions but issued Marshall a final warning against violating terms to be set during the status conference. The District Court further ordered Cruz to provide a child support affidavit by November 10, 2022. Cruz failed to provide the child support affidavit.

¶10 The District Court ordered mediation and set it for December 5, 2022. Marshall testified that she attempted to text, call, and email Cruz about the pending mediation, but she received no response, and subsequently filed a motion to withdraw as Cruz's counsel on December 2, 2022. After Cruz failed to appear for mediation on December 5, 2022, the District Court issued a December 7, 2022 order denying Marshall's petition to withdraw pending a default hearing set for December 21, 2022.

¶11 Although Marshall appeared for the default hearing, Cruz did not appear and a default judgment was entered. Pursuant to Cruz's failure to appear and participate in any of the proceedings that she had initiated, the District Court issued a dissolution decree adopting Hernandez's proposed parenting plan.

¶12 Cruz later testified that she was unaware of any of the aforementioned proceedings until she received the District Court's notice of entry of judgment in the mail in mid-January 2023. Under the impression that Marshall never served Hernandez with the Petition in the first place and had abandoned her attorney-client obligations, Cruz had retained new counsel in March 2022. Cruz testified that she did not immediately re-initiate divorce proceedings with the new attorney—her attorney in this appeal—due to financial, family, and health issues.

¶13 After learning the proceedings had essentially taken place without her, Cruz filed a motion on March 2, 2023, asking the District Court to either dismiss or set aside the default judgment. The District Court declined to dismiss the dissolution, but did set aside the judgment pursuant to M. R. Civ. P. 60(b)(6), explaining:

> If the Court had known how moribund the attorney-client relationship had become between [Cruz] and Ms. Marshall and the cause of it, the Court would have taken different action beginning in October, 2022, and it would not have issued the Decree as it did. The Court was misinformed, and the Court shall not allow its misinformed judgment to stand.

¶14 On appeal, Hernandez now argues the District Court abused its discretion by setting the default judgment aside. According to Hernandez, M. R. Civ. P. 60(b)(6) is only available to set aside a default judgment when the movant has first demonstrated that none of subsections (1) through (5) are applicable.

¶15 We will only reverse a district court decision setting aside a default judgment if a party shows a manifest abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶¶ 16-17, 338 Mont. 423, 166 P.3d 451 (citing *Lords v. Newman*, 212 Mont. 359, 363-64, 688 P.2d 290, 293 (1984)).

¶16 A court may set aside default judgment under M. R. Civ. P. 60(b) for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . .
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) *any other reason that justifies relief.*

(Emphasis added.) In some situations, factors may warrant setting aside a default judgment under either M. R. Civ. P. 60(b)(1) or (6), in which cases "the decision on which subsection applies" is left "to the sound discretion of the trial court." *Bartell v. Zabawa*, 2009 MT 204, ¶ 25, 351 Mont. 211, 214 P.3d 735 (citation omitted) (quoting *Karlen v. Evans*, 276 Mont. 181, 190, 915 P.2d 232, 238 (1996)). "A successful M. R. Civ. P. 60(b)(6) motion requires that (1) the movant demonstrate extraordinary circumstances, (2) the movant acted to set aside the judgment within a reasonable time, and (3) the movant was blameless." *Bartell*, ¶ 30 (citation omitted).

¶17 Hernandez argues *Bartell* supports his proposition that a judgment may only be set aside under M. R. Civ. P. 60(b)(6) once the moving party has demonstrated none of the preceding five subsections apply. Hernandez misreads *Bartell*. There, we affirmed the district court's decision to set aside a default judgment under M. R. Civ. P. 60(b)(6), noting that "a district court may also consider whether relief may be granted under subsection (b)(6) if the court finds that the additional considerations required to support a finding under subsection (b)(6) are present as well." *Bartell*, ¶ 39.

¶18 Here, the District Court thoroughly analyzed the extraordinary circumstances that warranted granting relief under subsection (6), including the deterioration of Marshall and Cruz's attorney-client relationship, the failure of Marshall to notify or make court appearances on behalf of Cruz, and the considerable family and health issues Cruz was dealing with at the time.

¶19 The District Court's analysis is sufficiently persuasive to satisfy the standard for relief from default judgment under M. R. Civ. P. 60(b)(6). Hernandez has not demonstrated that the District Court "committed an obvious, evident, or unmistakable" abuse of discretion by setting aside default judgment pursuant to M. R. Civ. P. 60(b)(6). *Bartell*, ¶ 10 (citing *St. James Healthcare v. Cole*, 2008 MT 44, ¶ 21, 341 Mont. 368, 178 P.3d 696).

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE